UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO CERDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO CITY POLICE K-9 DIVISION,<br><br>　　　　Defendants. | No. 2:14-cv-1712 KJN P<br><br><br>ORDER |

　　　　Plaintiff is housed in the Rio Cosumnes Correctional Center, and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges that he was attacked by a police dog on or about May 8, 2014.  Plaintiff contends he suffered life-time scarring, both physically as well as psychologically.  Plaintiff alleges that the attack changed his voice and breathing, and affected his emotional state.  Plaintiff seeks monetary damages.  Plaintiff names the "Sacramento City Police" as a defendant, and in the parties' section of the complaint, he names "Sacramento City Police Department is employed as K-9 division, Deputized Dog."  (ECF No. 1 at 2.)  Plaintiff states that the handler is unknown at this time.  (Id.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

The use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures.  Graham v. Connor, 490 U.S. 386, 394-95 (1989).  This analysis applies to any arrest situation where force is used, whether it involves physical restraint, use of a baton, use of a gun, or use of a dog.  See, e.g., Mendoza v. Block, 27 F.3d 1357, 1362-63 (9th Cir. 1994) (deputies' use of police dog to find suspect and secure him until handcuffed analyzed under reasonableness standard).

To determine the reasonableness of the seizure, courts balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests" against "the countervailing government interests at stake."  See Graham, 490 U.S. at 396 (internal quotations omitted).  Such balancing requires three steps:

> First, [courts] assess the gravity of the particular intrusion on Fourth Amendment interests by evaluating the type and amount of force inflicted.  Chew [v. Gates], 27 F.3d [1432,] 1440 [(9th Cir.

> 1994)]. Second, [courts] assess the importance of the government interests at stake by evaluating: (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight. See Graham, 490 U.S. at 396, 109 S. Ct. 1865 (internal quotations omitted). Third, [courts] balance the gravity of the intrusion on the individual against the government's need for that intrusion to determine whether it was constitutionally reasonable. [Citations omitted.]

Miller v Clark County, 340 F.3d 959, 963 (9th Cir. 2003).

Thus, to state a claim for excessive force, an inmate must allege facts to support that an official used or caused to be used objectively unreasonable force against the suspect in light of the circumstances. Graham, 490 U.S. at 386. The reasonableness of the use of force is judged from the perspective of a reasonable officer on the scene, not through the benefit of hindsight. Id.

Here, plaintiff may be able to state a cognizable excessive force claim if he can allege facts demonstrating that the force used was objectively unreasonable under the circumstances. Plaintiff claims he was "attacked" by the police dog, but fails to provide sufficient context surrounding the attack. Plaintiff does not indicate whether the dog and its handler were attempting to arrest plaintiff, or whether plaintiff was an innocent bystander. Plaintiff does not allege whether the dog attacked plaintiff at the request of its handler, or whether the dog spontaneously attacked plaintiff. Rather, plaintiff simply states he was at his brother's home and was attacked by the police dog.

Moreover, plaintiff has not named a proper defendant. Plaintiff does not name as a defendant the dog handler or police officer in charge of the dog. Although plaintiff claims he does not know the name of the dog handler, he must take steps to find out the name. If plaintiff was subsequently arrested and faced criminal charges resulting from the incident on May 8, 2014, his defense lawyer may be able to provide the information.

Plaintiff includes no allegations asserting liability on the part of the city or the K-9 Division. A city or county may not be held vicariously liable for the unconstitutional acts of its

////

////

employees under the theory of respondeat superior.  See Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior."); Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint under 42 U.S.C. § 1983 by a prisoner.

Dated: September 19, 2014

/cerd1712.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO CERDA,<br><br>    Plaintiff,<br><br>  v.<br><br>SACRAMENTO CITY POLICE K-9 DIVISION,<br><br>    Defendants. | No. 2:14-cv-1712 KJN P<br><br>NOTICE OF AMENDMENT |

  Plaintiff hereby submits the following document in compliance with the court's order filed_____.

  _____  Amended Complaint
DATED:

             _____
             Plaintiff