UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO CERDA,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO CITY POLICE K-9 DIVISION,<br><br>    Defendants. | No. 2:14-cv-1712 KJN P<br><br><br>ORDER |

    Plaintiff is a former county jail inmate, and is proceeding without counsel and in forma pauperis. Plaintiff's amended complaint is before the court. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

    The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
2  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
3  Cir. 1989); Franklin, 745 F.2d at 1227.

4       To avoid dismissal for failure to state a claim, a complaint must contain more than "naked
5  assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of
6  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
9  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
10 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
12 at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
13 the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 127 S. Ct.
14 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see
15 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

16      Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21
17 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear
18 that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma
19 pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson,
20 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

21      Plaintiff again alleges that he was attacked by a police dog in May of 2014, while he was
22 at his brother's home.  Plaintiff claims that the police used excessive force, because while the
23 officers were clearing the house in the process of arresting him for an unrelated matter, plaintiff
24 was not given an opportunity to surrender or asked to come out.  Rather, plaintiff claims that
25 while he was shaving after his shower, a police dog attacked him causing injury and requiring
26 medical care.  Plaintiff seeks monetary damages.

27      However, in the caption of his amended complaint, plaintiff names the "Sacramento City
28 Police K-9 Division" as defendant, and notes "waiting on discovery" for officer.  (ECF No. 14 at

1    1.)  However, in the defendants' section of the pleading, plaintiff names the Sacramento Sheriff

2    K-9 Division as the defendant, and adds that additional defendants are "to be added upon

3    discovery (police report)."  (ECF No. 14 at 2.)  Because the caption and the text of the pleading

4    conflict, naming both the Sacramento County Sheriff's K-9 Division and the Sacramento City

5    Police's K-9 Division, plaintiff is granted leave to amend to clarify which K-9 Division was

6    involved, and to name the appropriate defendant.  Plaintiff is reminded that he must take steps to

7    find out the names of the officers involved during the May 8, 2014 incident.  Plaintiff may be able

8    to obtain a copy of the police report from his defense counsel, or from the police department.  The

9    court cannot order service of process on an individual without the individual's name.

10           Plaintiff has improperly named defendants.  Therefore, the court dismisses plaintiff's

11   amended complaint, but with leave to amend.  If plaintiff elects to file an amended complaint, it

12   shall be captioned "Second Amended Complaint"; shall correct the deficiencies outlined in this

13   order; and shall be filed within 28 days of this order.

14           Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order

15   to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an

16   amended complaint be complete in itself without reference to any prior pleading.  As a general

17   rule, an amended complaint supersedes the original complaint, and once the second amended

18   complaint is filed, the original complaint no longer serves any function in the case.

19           Finally, nothing in this order requires plaintiff to file a second amended complaint.  If

20   plaintiff determines that he is unable to amend his complaint in compliance with the court's order

21   at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without

22   prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

23           In accordance with the above, IT IS HEREBY ORDERED that:

24           1. Plaintiff's amended complaint is dismissed, but with leave to amend;

25           2. Within 28 days of this order, plaintiff shall file either a first amended complaint in

26   compliance with this order, or a notice of voluntary dismissal of the action without prejudice

27   pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); and

28   ////

3. Failure to file either a second amended complaint in compliance with this order or a notice of voluntary dismissal by the required deadline will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  November 24, 2015

*[signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cerd1712.14b